13102. MUTUAL LIFE INSURANCE COMPANY OF NEW YORK *v.*
JOHNSON.

LUKE, J. 1. "If a policy of insurance is so drawn as to require interpretation, and is fairly susceptible of two different constructions, the one will be adopted most favorable to the insured."

2. "Policies of insurance will be liberally construed in favor of the object to be accomplished, and conditions and provisions therein will be strictly construed against the insurer, as they are issued upon printed forms, prepared by experts at the insurer's instance, in the preparation of which the insured has no voice."

3. "Provisions in policies of insurance, that the insurer does not assume risk of death which shall occur while the insured is engaged in military service, or will not be liable for such death, have been held to exempt the insurer from liability, notwithstanding the fact that death did not result from any hazard peculiar to such service, the status of the insured and not the cause of his death being ground of such exemption."

4. "Under a policy in which the insurer agrees to pay double indemnity in case of the death of the insured resulting from bodily injury effected solely through external, violent, and accidental means, a provision, 'that this double indemnity shall not be payable in the event of the insured's death as a result of military or naval service in time of war, . . nor if such death be caused directly or indirectly, wholly or partly, by . . war, or any act incident thereto,' will not relieve the insurer from liability, when the death of insured did not result from his service in the military in time of war, or where his death was not caused directly or indirectly, wholly or partly, by war, or by some act incident thereto."

5. "Where the insured was killed on June 27, 1919, while in the military service of the United States, and while he was being transported on a troop-train from Fort Oglethorpe, Ga., to San Francisco, Cal., to be embarked at the latter place for Honolulu, to join other military forces of the United States at that place, his death resulting from his being struck by the girder of an overhead bridge over which such troop-train was passing, near Granger, Wyoming, the death of the insured under these circumstances would not exempt the insurer from the payment of double indemnity, under the above provision of the policy under which his life was insured; especially where it was not shown by the insurer that the death of the insured was the result of his military service, or was caused by war, or an act incident thereto, and when it appears that his death was due to a fatality which befalls soldiers and civilians alike."

6. An opinion in this case was rendered by this court, reversing the judgment of the judge of the superior court (who by agreement of the parties determined the case upon the petition and the answer thereto without the intervention of a jury), finding in favor of the plaintiff for the double indemnity provided for in the policy. *Mutual Life Ins. Co.* v. *Johnson,* 28 *Ga. App.* 330 (110 S. E. 910). A writ of certiorari was granted by the Supreme Court; and upon a hearing of the cause that court reversed the judgment of this court, and held as quoted above. See *Mutual Life Ins. Co.* v. *Johnson,* 154 *Ga.* 653 (115 S. E. 14). It

is therefore ordered that the former judgment of this court in this case be vacated; and the judgment of the trial court is affirmed.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JANUARY 11, 1923.

Action on insurance policy; from Newton superior court — Judge Hutcheson. October 18, 1921.

*Bryan & Middlebrooks, F. L. Allen,* for plaintiff in error.

*King & Johnson,* contra.